

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John Dawson
County Attorney, San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. 0-5835
Re: Official signature to be
used by a woman who is
married after being com-
missioned as a notary
public.

Your letter of January 26, 1944, requesting the opin-
ion of this department regarding the question stated therein
reads as follows:

"I am confronted by a question concerning
article 5949 of the Revised Civil Statutes of
Texas, as amended. I would appreciate an opin-
ion from your office.

"The situation is as follows:'A' was com-
missioned as notary public shortly after the
first of June, 1943, and the term of such appoint-
ment expires on June 1, 1945. 'A' duly qualified
as notary public and has so acted since such time.
In the month of December, 1943, 'A' who was then
a feme sole, married, and now desires to use her
husband's name. She has requested me to advise
her whether or not in taking acknowledgments she
should officially sign her maiden name as notary
public or her married name.

"After exhaustive reading of Title 99, Revised
Civil Statutes of Texas, as amended, I am somewhat
at a lost as to how to advise her. I would be in-
clined to advise her it would be proper to continue
the use of her maiden name in taking acknowledgements
were it not for an early Texas Supreme Court ruling
that the law bestows a husband's name upon a wife,
and she should be sued, and process against her
should run in her husband's name. Furthermore, she
does not desire to use her maiden name."

After carefully reviewing the statutes and various decisions of the appellate courts of this State, we have failed to find any statute or decision by the appellate courts touching upon the question under consideration.

The identical question presented in your inquiry has been before this department on various occasions, and in an opinion of this department written February 23, 1937, Book 375, Page 516, Letter Opinions of this department, it was held that when a single woman was appointed and qualified as a notary public, and later married, she should continue to use her maiden name and not her married name, when acting as a notary public.

In another opinion, this department held that when a single woman was appointed and qualified as a notary public, and later married, she should use her maiden name and add the surname of her husband when acting as a notary public. (Letter Opinions of the Attorney General's Department, Book 367, Page 970)

A representative of the Secretary of State has informed us that it has been the policy of said office to permit a single woman who was appointed and qualified as a notary public, upon her marriage, to continue to act as a notary public under her maiden name. It is also the policy of the Secretary of State to permit a single woman who has been appointed and qualified as a notary public, upon her marriage, to qualify under her married name, and a new commission is issued accordingly. The Secretary of State charges no fee for the new commission.

It is our opinion that when a single woman who has been appointed and qualified as a notary public, and later marries, can qualify and act as a notary public under her married name by following the procedure prescribed by the Secretary of State. It is our further opinion that as a matter of precaution she should so qualify after her marriage.

Forms of certificates can be secured from the Secretary of State for the purpose of qualifying under her married name.

APPROVED FEB 8, 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Ardell Williams
Assistant

AW:EP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN